**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHICORE, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | Jury Trial Demanded |
| CORE BUSINESS INTERIORS CORP. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS**

Plaintiff Chicore, LLC d/b/a Core Spaces ("Plaintiff" or "Core Spaces"), by and through its attorneys, hereby alleges the following as and for its Complaint for trademark infringement and unfair competition under federal and state law against Core Business Interiors Corp. ("CBI" or "Defendant").

**NATURE OF THE ACTION**

1.      This is an action for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a); deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*; consumer fraud and deceptive business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*; and unfair competition in violation of Illinois common law.

2.     This action results from Defendant's unauthorized use of Plaintiff's CORE SPACES trademark in connection with building design and related services. Specifically, Core Spaces has used the CORE SPACES trademark and the domain www.corespaces.com for more than five years. Nevertheless, in January 2020, CBI changed its name to CORE SPACES & DESIGN and began using the Internet domain, www.core-spaces.com, which differs from Core Spaces' domain by one insignificant hyphen. These actions by CBI are infringing Core Spaces' registered CORE SPACES trademark (U.S. Reg. No. 5,924,405) and will cause continued harm to Core Spaces unless enjoined.

## THE PARTIES

3.     Chicore, LLC ("Core Spaces") is an Illinois limited liability company with its principal place of business at 1643 North Milwaukee Avenue, Chicago, IL 60647.

4.     Core Spaces has been operating under the name CORE SPACES since at least as early as August 2015. Core Spaces provides real estate development, design, and property management services and has provided services throughout the United States, including in Seattle, Washington; Tuscon, Arizona; Madison, Wisconsin; and Ann Arbor, Michigan, to name just a few locations. Core Spaces also owns and recently announced plans to design and develop properties in the Los Angeles, California and Berkeley, California areas.

5.     Core Business Interiors Corp. ("CBI") is a California corporation with its principal place of business at 7761 North Ingram Avenue, Fresno, California 93711. CBI operated under the trade name CORE BUSINESS INTERIORS until January 13, 2020 when it publicly announced that it was changing its name to CORE SPACES + DESIGN.

6.     CBI provides interior design and installation services for commercial and educational buildings.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over Core Spaces' federal claims pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b). This Court has supplemental jurisdiction over Core Spaces' state law claims pursuant to 28 U.S.C. §§ 1338 and 1367, because these claims are joined with substantial and related claims under the trademark laws of the United States, and they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy or derive from a common nucleus of operative facts.

8.     The exercise of personal jurisdiction by the Court over Defendant is appropriate in accordance with the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

9.     This Court has personal jurisdiction over Defendant because Defendant targets and advertises to consumers in Illinois and in this District. Defendant also operates an Internet website at the domain www.core-spaces.com, which is accessible by and targets residents of Illinois and this District.

10.    Defendant has purposefully availed itself of the benefits of doing business in Illinois by transacting business in Illinois, and targeting consumers in this state. In undertaking these deliberate acts, including all facts and allegations set forth below, which are incorporated herein by reference, Defendant had fair warning and could reasonably anticipate that it could be called before a federal district court in Illinois.

11.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391, because the parties are doing business in this District, the claims arose in this District, and a substantial part of the events giving rise to the claims occurred in this District. Moreover, Defendant transacts business in this District, has committed tortious acts in this District, and has engaged in activities that subject Defendant to the jurisdiction of this Court. Finally, because Defendant is subject to personal jurisdiction in this District, venue is appropriate in this District.

## CORE SPACES AND ITS CORE SPACES TRADEMARK

12.     Since at least as early as 2015, Core Spaces has used its CORE SPACES trademark in connection with, among other offerings, interior and architectural design services for buildings and residential units. Core Spaces owns long-established common law and registered trademark rights in the CORE SPACES trademark for these services and related services (collectively, the "CORE SPACES Mark").

13.     Core Spaces is currently using the CORE SPACES Mark in U.S. commerce in connection with its design, development and property management services. Since early 2015, Core Spaces has promoted its services on its website located at the domain www.corespaces.com ("Plaintiff's Domain"). Examples of these uses and descriptions of the services can be found on the website, and in other print and marketing materials, as shown below:



14.     In addition, Core Spaces owns U.S. trademark registration No. 5,924,405 (the "Registration") for the mark CORE SPACES.

15.     The Registration for CORE SPACES covers services related to building and interior design, including, "architectural design; interior design;[and] residential building design" services (in International Class 42), as well as property management services in Class 36. A copy of the Certificate of Registration for the CORE SPACES Mark is attached as Exhibit A.

16.     The Registration constitutes *prima facie* evidence of the validity of the CORE SPACES Mark and of Core Spaces' exclusive ownership and exclusive right to use it in commerce in connection with the identified services. *See* 15 U.S.C. § 1057(b) and § 1115(a).

**WILLFUL INFRINGEMENT BY DEFENDANT**

17.     For a number of years, since about 2009, Defendant operated its business under the trade name CORE BUSINESS INTERIORS. Defendant also used the domain www.corebusinessinteriors.com for its primary website.

18.     On January 12, 2020, Defendant announced a re-brand of its business, and began using the mark CORE SPACES + DESIGN in connection with interior design and building layout services. *See* Exhibit B.

19.     On that same date, Defendant also changed the domain for its website from www.corebusinessinteriors.com to www.core-spaces.com ("Defendant's Domain"). Defendant's Domain differs from Plaintiff's Domain by a single hyphen between the words "core" and "spaces."

20.     Defendant now features the CORE SPACES + DESIGN mark prominently on Defendant's Website at www.core-spaces.com. A screen shot from the home page of the Website is shown below:



21.     Defendant's Domain and the associated website directly infringe Core Spaces' CORE SPACES Mark.

22.     On Defendant's website, visitors are encouraged to connect with CBI to discuss interior design and building design services in connection with the CORE SPACES + DESIGN mark, and Defendant also uses the CORE SPACES + DESIGN mark on social media.

23.     The "+ DESIGN" element of Defendant's CORE SPACES + DESIGN mark is generic of design services, and, thus, CORE SPACES is the dominant element of the Defendant's mark. Of course, this designation is identical to Plaintiff's registered CORE SPACES mark.

24.     In short, Defendant's infringement of the CORE SPACES Mark is ubiquitous throughout its promotional, marketing and communications initiatives.

25.     Pursuant to 15 U.S.C. § 1072, the CORE SPACES Registration constitutes constructive notice of the ownership of the CORE SPACES Mark by Core Spaces, conferring a right of priority, nationwide in effect, as of the December 3, 2018 filing date for the application, on or in connection with the goods or services specified in the Registration against any other party, including Defendant.

26.     Defendant has had notice of Core Spaces' trademark since at least June 7, 2019, the creation date for Defendant's Domain. On that date (or before), when Defendant went to register Defendant's Domain it almost certainly realized that Core Spaces already owned, and was using, www.corespaces.com. Simply stated, if www.corespaces.com (without the hyphen) were available on that date, Defendant would have chosen that domain instead. Instead, fully aware of Plaintiff's Domain and its prior use of the CORE

SPACES trademark, Defendant chose a domain that differed by only one, insignificant hyphen from Plaintiff's Domain.

27.     Regardless, and alternatively, Defendant had actual notice of Core Spaces' CORE SPACES Mark since as early as January 12, 2021. On this date, the United States Patent and Trademark Office ("USPTO") refused CBI's use-based application for the mark CORE SPACES + DESIGN (the "CSD Application") (App. Ser. No. 90/142,681).

28.     The CSD Application claims use of CORE SPACES + DESIGN for "Interior design services including space planning, furniture selection, material and surface selection; Color analysis for purposes of interior design; Consultation in the field of ergonomics, namely, designing workplace facilities and equipment to optimize efficiency and safety; Interior design; Interior design consultation; Interior design services; Planning and layout design services for commercial, governmental, educational, healthcare and hospitality office spaces, work spaces, classroom spaces, waiting lounges facilities and break-room areas" in Class 42 based on the likelihood of consumer confusion with the CORE SPACES Registration. A copy of this refusal is attached as Exhibit C.

29.     Further, on June 30, 2021, counsel for Defendant sent an email to counsel for Core Spaces requesting that Core Spaces consent to its registration of the CSD Application and to Defendant's future use of CORE SPACES + DESIGN. On July 6, 2021, Core Spaces responded and confirmed that Core Spaces did not consent to any use of, or application for the CORE SPACES + DESIGN mark. In addition, Core Spaces expressly reserved all rights to challenge Defendant's use of the CORE SPACES + DESIGN mark.

30.     On August 2, 2021, counsel for Core Spaces sent counsel for Defendant a cease and desist letter demanding that it immediately stop using the CORE SPACES + DESIGN mark and any other mark that is confusingly similar to the CORE SPACES Mark.

31.     Despite these letters, follow-up contact from Core Spaces' lawyers, and actual notice of Core Spaces' rights to the CORE SPACES Mark, Defendant willfully and wantonly continued its infringing use of the CORE SPACES Mark.

32.     Core Spaces has never authorized, licensed or otherwise permitted Defendant to use the CORE SPACES Mark in its marketing, advertising or communications initiatives.

33.     Defendant's continued use of the CORE SPACES Mark is willful and intentional and is intended to trade on and/or diminish the reputation and goodwill of Core Spaces.

34.     Defendant's use of the CORE SPACES Mark is likely to mislead, deceive and confuse consumers. It is likely that consumers will mistakenly believe that Defendant is connected to, associated with or in some way affiliated with Core Spaces, when in fact no such connection, association or affiliation exists.

35.     Defendant's conduct is causing, and will continue to cause, damage and irreparable injury to Core Spaces, and to its goodwill and reputation.

36.     As a result of the aforesaid acts by Defendant, Core Spaces has suffered and continues to suffer substantial damage and irreparable injury. Core Spaces has no adequate remedy at law, and unless Defendant is restrained and enjoined by this Court, these acts will continue to cause damage and irreparable injury to Core Spaces, and

damage to its goodwill and business reputation. Core Spaces cannot ascertain the precise amount of its damage at this time.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)

37.     Core Spaces repeats and realleges the allegations of Paragraphs 1 through 36 as though fully set forth herein.

38.     Defendant's acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39.     Core Spaces is the rightful owner of the CORE SPACES Mark, including the CORE SPACES Registration, which constitutes proof of Core Spaces' valid, exclusive trademark rights and its entitlement to protection under the Lanham Act.

40.     Defendant has used, and continues to use, the CORE SPACES Mark in United States commerce in connection with the claimed services.

41.     Defendant's unauthorized use of the CORE SPACES Mark is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendant's services or as to the affiliation, connection or association between Core Spaces and Defendant. The consuming public and the trade are likely to believe that Defendant's services originate with Core Spaces; are licensed, sponsored or approved by Core Spaces; or are in some way connected with or related to Core Spaces, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42.     Defendant has used the CORE SPACES Mark with full knowledge of Core Spaces' prior rights and is continuing to use the CORE SPACES Mark after being warned by Core Spaces that its use is infringing. Defendant's continued use of the CORE

SPACES Mark constitutes intentional and willful infringement of Core Spaces' trademark rights and entitles Core Spaces to enhanced damages.

43.     Defendant has had notice of the CORE SPACES Mark since at least as early as June 7, 2019 when it sought to register Defendant's Domain, or, alternatively, January 12, 2021 when the CSD Application was refused by the USPTO based on Core Spaces' CORE SPACES Registration. Thus, Defendant has been willfully infringing the CORE SPACES Mark.

44.     These acts have occurred in interstate commerce.

45.     As a direct and proximate result of Defendant's unauthorized use of the CORE SPACES Mark and unfair competition, Plaintiff has suffered damages in an amount to be proven at trial.

46.     Further, and in the alternative, Defendant's acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Core Spaces, for which Core Spaces has no adequate remedy at law.

**COUNT II**
**FEDERAL UNFAIR COMPETITION 15 U.S.C. § 1125(a)**

47.     Core Spaces repeats and realleges the allegations of Paragraphs 1 through 46 as though fully set forth herein.

48.     Defendant's acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Defendant's unauthorized use in interstate commerce of the CORE SPACES Mark is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Core Spaces, or as to the origin,

sponsorship, or approval of Defendant's goods or services, in violation of Section 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A).

50.     Alternatively, consumers are likely to believe that Core Spaces is somehow affiliated with Defendant, or that Core Spaces' use of the CORE SPACES Mark is licensed, sponsored or approved by Defendant, a dynamic referred to as reverse confusion.

51.     These acts have occurred in interstate commerce.

52.     As a direct and proximate result of Defendant's unauthorized use of the CORE SPACES Mark and unfair competition, Plaintiff has suffered damages in an amount to be proven at trial.

53.     Further, and in the alternative, Defendant has caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Core Spaces, for which Core Spaces has no adequate remedy at law.

**COUNT III**
**ILLINOIS DECEPTIVE TRADE PRACTICES**
**815 Ill. Comp. Stat. 510/1 et seq.**

54.     Core Spaces repeats and realleges the allegations of Paragraphs 1 through 53 as though fully set forth herein.

55.     Defendant's acts constitute deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

56.     Defendant's unauthorized use of the CORE SPACES Mark has caused, and is likely to cause in the future, confusion or misunderstanding as to the sponsorship, approval, affiliation or connection between Defendant and Core Spaces, as it gives rise to the incorrect belief that Defendant's business has some connection with Core Spaces.

These acts constitute deceptive trade practices in the course of Defendant's business in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

57.     These acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Core Spaces.

## COUNT IV
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES
### 815 Ill. Comp. Stat. 505/1 *et seq.*

58.     Core Spaces repeats and realleges the allegations of Paragraphs 1 through 57 as though fully set forth herein.

59.     Defendant's acts constitute consumer fraud in violation of the Illinois Consumer Fraud and Deceptive Businesses Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*

60.     Defendant's unauthorized use of the CORE SPACES Mark constitutes unfair competition and deceptive acts in the course of trade or commerce in Illinois.

61.     Defendant intended that consumers would rely on this deception.

62.     Defendant's acts have caused and will continue to cause harm to Core Spaces in that they will deceive consumers and destroy the goodwill embodied in the CORE SPACES Mark.

## COUNT V
## ILLINOIS COMMON LAW UNFAIR COMPETITION

63.     Core Spaces repeats and realleges the allegations of Paragraphs 1 through 62 as though fully set forth herein.

64.     Defendant's acts constitute unfair competition under Illinois common law.

65.     Defendant has misappropriated valuable property rights of Core Spaces, has passed off its goods and services as those of Core Spaces, is trading off the goodwill symbolized by the CORE SPACES Mark, and is likely to cause confusion or mistake or to deceive members of the consuming public and the trade. These acts have continued in bad faith despite Defendant's knowledge of Core Spaces' trademark rights. These acts constitute unfair competition in violation of the common law of the State of Illinois.

66.     Defendant's acts have caused and will continue to cause harm to Core Spaces.

### PRAYER FOR RELIEF

WHEREFORE, Core Spaces prays that this Court enter a judgment and order:

1.     That Defendant has willfully violated Sections 32(1) and 43(a) of the Lanham Act;

2.     That Defendant committed acts of unfair competition under Illinois common and statutory law;

3.     That Defendant, its officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

        A.     Using the CORE SPACES Mark, alone or in connection with other terms, including CORE SPACES + DESIGN, in commerce in any manner;

        B.     Using any name, mark, user name, social media handle or domain name that incorporates the CORE SPACES Mark, or is confusingly

similar to the CORE SPACES Mark, including but not limited to any reproduction, counterfeit, copy or colorable imitation of the CORE SPACES Mark, or registering, transferring or exercising control over any domain names or social media pages that incorporate, in whole or in part, the CORE SPACES Mark, or anything confusingly similar;

C.     Doing any other act or thing calculated or likely to induce or cause confusion or the mistaken belief that Defendant is in any way affiliated, connected or associated with Core Spaces or that Core Spaces is in any way affiliated, connected or associated with Defendant;

D.     Licensing or authorizing others to use the CORE SPACES Mark, or any other mark that is confusingly similar to the CORE SPACES Mark;

E.     Injuring Core Spaces' business reputation and the goodwill associated with the CORE SPACES Mark, and from otherwise unfairly competing with Core Spaces in any manner whatsoever;

F.     Passing off Defendant's services as those of Core Spaces; and,

G.     Altering, destroying, permitting the destruction of, or in any other way changing any records, including electronic records, in the actual or constructive care, custody or control of Defendant that are relevant to the subject matter of this lawsuit or likely to lead to the discovery of relevant records or evidence, wherever said records are physically located.

4.     That, pursuant to 15 U.S.C. § 1118, Defendant be required to deliver up and destroy all materials in the custody or under the control of Defendant that bear the CORE SPACES Mark or any other mark that is likely to be confused with the CORE SPACES Mark.

5.      That Defendant be ordered to shut down, close out and terminate all Twitter, Facebook, and other social media accounts or Internet pages that use the CORE SPACES Mark, or feature any name incorporating, in whole or in part, the CORE SPACES Mark or that are likely to cause confusion with the CORE SPACES Mark; and that Twitter, Facebook, and other pertinent social media providers be ordered to transfer such accounts to Plaintiff.

6.      That, because of Defendant's willful actions and pursuant to 15 U.S.C. § 1117(a) (as an "exceptional case"), Core Spaces be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

A.      All profits received by Defendant from revenues of any kind from Defendant's use of the CORE SPACES Mark since at least as early as June 7, 2019 to present, less only proven elements of cost or deduction, and all damages sustained by Core Spaces as a result of Defendant's actions; or if Core Spaces so elects at any time before final judgment is rendered by the Court, to recover, instead of actual damages, profits, and statutory damages;

B.      Treble damages or profits, whichever amount is greater;

C.      Reasonable attorneys' fees; and,

D.      The costs of the action.

7.      That pursuant to 15 U.S.C. § 1116, Defendant be directed to file with the Court and serve on Core Spaces within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; and,

9.      That Core Spaces be granted such other and further relief as this Court may deem just.

16

**JURY TRIAL DEMANDED**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Chicore, LLC

Dated: October 14, 2021                    By: /Michael K. Johnson/
                                           Tom Monagan (IL Reg. No. 6278060)
                                           Michael K. Johnson (IL Reg. No. 6329878)
                                           NORVELL IP LLC
                                           1776 Ash Street
                                           Northfield, Illinois 60093
                                           Telephone:   (888) 315-0732
                                           courts@norvellip.com

                                           *Attorneys for Chicore, LLC*